UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| VICTOR E. MCCONNELL, TDOC #98842, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 1:12-CV-351 |
| | ) | *Mattice/Lee* |
| BRUCE WESTBROOK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

State prisoner Victor E. McConnell brings this *pro se* application for a writ of habeas corpus, under 28 U.S.C. § 2254, challenging the legality of his confinement under a 1983 Hamilton County, Tennessee, judgment of convictions, [Doc. 2]. Petitioner was convicted of aggravated rape, burglary, murder, and assault with intent to commit murder and, for these offenses, received respective sentences of twenty years, fifteen years, and two life terms. Respondent has moved to dismiss this application, arguing that it is time-barred under the applicable limitations statute, and he has attached copies of several state court opinions as support for the motion, [Doc. 8]. Because the Court agrees with respondent, his motion will be **GRANTED**.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run when one

of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id*. The time is tolled, however, during the pendency of a properly filed application for state post-conviction relief. *Id*.

Here, the first circumstance is the relevant one. Petitioner pled guilty to all offenses on March 8, 1983, and he took no direct appeal. Because Petitioner's conviction became final prior to the date of enactment of the AEDPA, his time for filing a § 2254 petition would have expired one year from the date the AEDPA was enacted. *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir.2001); *Isham v. Randle*, 226 F.3d 691, 693 (6th Cir.2000); *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir.1999), *vacated on other grounds by Brown v. O'Dea*, 530 U.S. 1257 (2000). Thus, the statute, which began to run on April 24, 1996, would have lapsed one year later, on April 24, 1997, unless the tolling mechanism in 28 U.S.C. § 2244 comes into play.

The statute is tolled pursuant to § 2244(d)(2) during the time "a properly filed application for State post-conviction or other collateral review" is pending. Petitioner did not seek post-conviction relief under state law, but instead, filed several state habeas corpus actions. The first petition, *State ex rel. McConnell v. Carlton*, 2007 WL 2917729 (Tenn. Crim. App. Oct. 5, 2007), was not filed until November 1, 2005,
2

more than eight years after the statute had lapsed. *Id.*, 2007 WL 2917729, at * 1. The two other petitions were even more belatedly filed. *See McConnell v. Carlton*, 2009 WL 1392544 (Tenn. Crim. App. May 19, 2009); and *McConnell v. Morrow*, No. E2010-02341-CCA-R3-HC, 2011 WL 1361569 (Tenn. Crim. App. Apr. 11, 2011).

Regrettably for petitioner, none of the above filings can toll § 2244(d)'s one-year period because, by the time those petitions were filed, the AEDPA's statute of limitations had long since lapsed and there was nothing left to toll. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Therefore, because the 1-year statute of limitations in § 2244(d)(2) expired on April 24, 1997, this petition, filed on October 22, 2012, under the prison mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1987), is time-barred under that statute.

The one-year statute of limitations in AEDPA, however, is not jurisdictional and is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). Equitable tolling rarely applies, *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004), and, typically, "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). Petitioner

3

bears the burden of showing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

The Court sees nothing in the petition which would invoke the equitable tolling doctrine. Accordingly, equitable tolling of the limitations period is not available to petitioner.

This § 2254 petition was filed outside the prescribed statutory time-limits in 28 U.S.C. § 2244(d)(2) and, for that reason, the Court will **GRANT** the Warden's motion to dismiss and will **DISMISS** the petition. A separate order will enter.

Finally, for reasons contained in this opinion, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of this procedural ruling. *See Slack v. McDaniel,* 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Accordingly, the Court will also **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

**ENTER**:

                                              */s/Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE